**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jacobo FLORES–VASQUEZ, Defendant–Appellant.**

**No. 14–50066.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2015.*

Filed Feb. 24, 2015.

Janet Cabral, Assistant U.S., Bruce R. Castetter, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Holly A. Sullivan, Law Office of Holly A. Sullivan, San Diego, CA, for Defendant–Appellant.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

MEMORANDUM **

Jacobo Flores–Vasquez appeals from the district court's judgment and challenges the 48–month sentence imposed following his guilty-plea conviction for attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Flores–Vasquez contends that his sentence violates the Sixth Amendment because the fact of the prior conviction that subjected him to a higher statutory maximum under section 1326(b) was not admitted by him or proven to a jury. The Supreme Court rejected this argument in *Almendarez–Torres v. United States*, 523 U.S. 224, 239–47, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Flores–Vasquez's contention that *Almendarez–Torres* has been overruled is incorrect. *See Alleyne v. United States*, — U.S. —, 133 S.Ct. 2151, 2160 n. 1, 186 L.Ed.2d 314 (2013) (declining to revisit holding in *Almendarez–Torres*); *see also United States v. Grajeda*, 581 F.3d 1186, 1197 (9th Cir. 2009) (Supreme Court precedent is controlling until it is explicitly overruled by the Court).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).